IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>NATALYN LEWIS, an individual; and LEWIS INITIATIVES, LLC, a Utah limited liability company,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO STAY PROCEEDINGS**<br><br>Case No. 2:19-cv-00801-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendants seeks a stay of proceedings pending the Tenth Circuit's opinion in the appeal of *United States v. RaPower-3, LLC et al.*, Civil No. 2:15-cv-00828-DN-EJF (D. Utah) (the "Underlying Civil Enforcement Action").[1] Because Defendants have not carried their burden of establishing that a stay of proceedings is warranted, Defendants' Motions to Stay Proceedings[2] are DENIED.

## DISCUSSION

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel,

---

[1] Defendant's Motion to Stay Proceedings, docket no. 11, filed Jan. 9, 2020; Defendant's Motion to Stay Proceedings, docket no. 13, filed Jan. 9, 2020.

[2] Defendant's Motion to Stay Proceedings, docket no. 11, filed Jan. 9, 2020; Defendant's Motion to Stay Proceedings, docket no. 13, filed Jan. 9, 2020. Plaintiff responded to Defendants' Motions to Stay Proceedings on January 22, 2020. Memorandum in Opposition to Defendants' Motions to Stay Proceedings. Docket no. 14, filed Jan. 22, 2020. The time for Defendants to file reply memoranda has passed. DUCivR 7-1(b)(3)(B). Defendants did not timely file reply memoranda and have not requested an extension of time. Therefore, Defendants' Motions to Stay Proceedings are ripe for determination.

and for litigants.'"[3] This "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[4] Therefore, "[t]he granting of the stay ordinarily lies within the discretion of the district court."[5] But the burden of demonstrating that a stay is warranted lies with the party requesting the stay.[6] And district courts consider a variety of factors in determining whether that burden is met, including: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; (3) the impact a stay would have on the court; (4) the interests and burdens on the parties; and (5) the interests of nonparties or the public.[7]

Defendants have not carried their burden of establishing that a stay of proceedings is warranted in this case. Defendants anticipates that the Tenth Circuit will issue its opinion within a few months. But the mere possibility of the Tenth Circuit reversing the Underlying Civil Enforcement Action's judgment is not a sufficient basis to obtain a stay. It is speculative to assume that a likelihood of reversal exists. And that Plaintiff has filed numerous cases arising from the Underlying Civil Enforcement Action, does not change this analysis. It is no more efficient to delay this case by entering a stay, than it is to allow the case to proceed as scheduled. Therefore, neither judicial economy, the potential for confusion and inconsistent results, nor the impact to the court causes the balance of interests to tip in favor of a stay in this case.

---

[3] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

[4] *Landis v. North American Co.*, 299 U.S. at 254.

[5] *Pet Milk Co.*, 323 F.2d at 588.

[6] *White Knuckle, IP, LLC v. Elec. Arts, Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, *1 (D. Utah Aug. 24, 2015) (quoting *SWEPI, LP v. Mora Cty, N.M.*, No. 14-0035 JB/SCY, 2014 WL 7474084, *15 (D. N.M. Dec. 19, 2014)).

[7] *Fluent Home Ltd. v. Elbaum*, No. 2:18-cv-00570-TC, 2019 WL 1002365, *2 (D. Utah Mar. 1, 2019) (citing *Gale v. Brinker Int'l Payroll Co.*, No. 1:09-cv-00129-TS, 2010 WL 3835215, *1 (D. Utah Sept. 29, 2010); *Sykes v. LivaNova Deutschland GMBH*, No. 17-cv-02437-KLM, 2018 WL 286791, *1 (D. Colo. Jan. 4, 2018)).

The time and costs that Defendants will expend litigating this case are also an insufficient hardship to warrant a stay. Permitting this case to proceed to discovery during those few months will not unduly or unfairly prejudice Defendants. On the other hand, the delay caused by a stay could prejudice Plaintiff by creating a potential for dissipation of evidence and the assets and monies Plaintiff seeks to recover with its claims. This potential prejudice flows to nonparties affected by the tax fraud found in the Underlying Civil Enforcement Action. Defendants' challenge to the merits of Plaintiff's claims does not change this analysis. Defendants do not support their argument with citation to evidence, and the argument is more appropriately the subject of a dispositive motion. Therefore, the weight of the parties' interests and burdens, and the interests of nonparties, do not favor a stay in this case.

Because Defendants have not carried their burden of establishing that a stay of proceedings is warranted, Defendants' Motions to Stay Proceedings are DENIED.

**ORDER**

IT IS HEREBY ORDERED that Defendants' Motions to Stay Proceedings[8] are DENIED.

Signed February 18, 2020.

BY THE COURT

_____
Paul Kohler
United States Magistrate Judge

---

[8] Defendant's Motion to Stay Proceedings, docket no. 11, filed Jan. 9, 2020; Defendant's Motion to Stay Proceedings, docket no. 13, filed Jan. 9, 2020.